Argued and submitted January 4, reversed and remanded in part with instructions; otherwise affirmed January 25, 1989

PEYTON,
*Petitioner,*

*v.*

WASHINGTON COUNTY,
*Respondent Below,*

*and*

HAVERBEKE,
*Respondent.*

(LUBA 88-048; CA A50419)

767 P2d 470

Lawrence R. Derr, Portland, argued the cause and filed the brief for petitioner.

Kenneth M. Elliott, Portland, argued the cause for respondent. With him on the brief were Michael C. Robinson and O'Donnell, Ramis, Elliott & Crew, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's decision remanding Washington County's approval of a mobile home park. Petitioner opposes the county's action and asks us to reject it on bases in addition to the one on which LUBA remanded it. She assigns three errors. Two require no discussion. The other requires that we reverse and remand to LUBA with instructions to broaden its remand to the county.

The county conditionally required the applicant for the approval, respondent Van Haverbeke, to construct a sidewalk and pedestrian bridge in a drainage hazard area that is identified as a natural resource area on the relevant community plan map. Section 422.3-1 of the county's Community Development Code requires site analyses in resource areas whose development is proposed, which must:

"A. Identify the location of the natural resource(s);

"B. Describe the treatment or proposed alteration, if any;

"C. Apply the design elements of the applicable Community Plan; or the applicable implementing strategies of the Rural/Natural Resource Plan Element."

The county made no findings or conclusions that pertain directly to section 422.3-1 compliance. LUBA appears to have taken the view that the requisite findings can be inferred from the record and from portions of the county's order that, in terms, relate to other matters. We disagree. Sections 207-3 and 207-4 of the development code require greater factual and legal specificity than the county provided or LUBA accepted. The county must reconsider the question of compliance with section 422.3-1.

Reversed and remanded in part with instructions to include issue of compliance with section 422.3-1 in remand to county; otherwise affirmed.